# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

FILED JUL 21 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

Antonio D. Jackson, )
    Petitioner, )
                                   )
v.                                     )     1:09cv875 (LMB/TCB)
                                   )
Gene M. Johnson, )
    Respondent. )

## MEMORANDUM OPINION

Antonio D. Jackson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Portsmouth, Virginia of possession with intent to distribute heroin. Respondent has filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief. Jackson was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he subsequently moved for an extension of time to do so. The extension was granted, and petitioner filed a brief in opposition to the Motion to Dismiss. Petitioner also filed a Motion to Redirect, a Motion to Amend, a Motion for Appointment of Counsel, and a Motion for Evidentiary Hearing. For the reasons that follow, petitioner's motions will be denied and his claims will be dismissed.

## I. Background

On January 8, 2006, Officer Ewing responded to a call concerning a possible abduction with injuries. (Trial Tr. 13.) An eyewitness directed Ewing to 44 Buchanan Street in Portsmouth, and the witness described and named the suspect involved. (Id. at 15-16.) The witness informed Ewing that Jackson had used a knife, which was sitting in the street, to drag a woman into an apartment. Ewing observed blood on a window frame of the apartment and observed an individual later identified as Jackson looking through the curtains in an upstairs window of that apartment. (Id.) When officers approached the door, Jackson opened the door voluntarily. (Id. at 17.) He was handcuffed and

frisked for weapons. During the frisk, Ewing felt what he believed to be a pill bottle. (Id.) Ewing placed the bottle in his pocket, and at some point later he examined the contents and found 26 capsules of heroin. (Id. at 18, 32.) Before trial, the victim and the eyewitness both identified Jackson as the assailant. (Id. at 18.) At trial, an expert witness testified that the quantity and manner of packaging of the drugs was inconsistent with personal use. (Id. at 32-35.)

Jackson was charged with malicious wounding, abduction, manufacture of heroin, and possession of heroin, however before trial a nolle prosequi was entered with regard to the first three charges. (Id. at 3.) On August 15, 2006, following a bench trial, Jackson was found guilty of possession of heroin with the intent to distribute. Case No. CR06-729-04. He was sentenced to twenty years in prison, with 12 years suspended. Jackson took a direct appeal to the Court of Appeals of Virginia, challenging the sufficiency of the evidence to prove that he possessed the requisite intent to distribute the heroin found in his possession. On February 28, 2007, the appeal was denied. Jackson v. Commonwealth, R. No. 2204-06-1 (Va. Ct. App. Feb. 28, 2007). Jackson sought further review by the Virginia Supreme Court, but his petition for appeal was refused. Jackson v. Commonwealth, R. No. 070527 (Va. Aug. 6, 2007).

On June 23, 2008, Jackson timely filed a petition for a state writ of habeas corpus in the Portsmouth Circuit Court, raising the following claims:

> A. Violation of his Fourth Amendment rights when officers seized the pill bottle containing heroin from petitioner's pocket without probable cause or a search warrant;
> B. Ineffective assistance of counsel where trial counsel "failed to properly investigate, present a reasonable defense, and preserve issues for appeal by objections and motion";
> C. Ineffective assistance of counsel where trial counsel failed to "discover errant and perjured documents," namely the documents used to show that petitioner had two prior convictions for possession with the intent to distribute a controlled substance;
> D. The Virginia appellate courts and the trial court erred in finding the evidence sufficient to prove petitioner possessed the heroin with intent to distribute;
> E. Ineffective assistance of counsel where trial counsel "disclosed to the prosecution" the name of a witness for the defense and her proposed testimony; and

F.   Judicial misconduct where the trial judge "prejudiced petitioner by his offensive remarks at trial."

The Circuit Court dismissed the petition without opinion, citing the reasons stated in respondent's Motion to Dismiss. Jackson v. Hinkle, Case No. L08-1718 (Va. Cir. Ct. Oct. 21, 2008). Petitioner appealed that decision to the Supreme Court of Virginia, which denied the petition for appeal. Jackson v. Hinkle, R. No. 090208 (May 11, 2009). On September 14, 2009, petitioner timely filed the instant petition, raising the four following claims of ineffective assistance of counsel: specifically, for failure to properly investigate, to present a reasonable defense, to discover "errant and perjuried [sic] documents," and for disclosing prejudicial information to the prosecution (respectively claims 1(a), 1(b), 2, and 3).

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that

3

previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

Jackson argues that he received ineffective assistance of trial counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478,

4

494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In claim 1(a), petitioner alleges that trial counsel was ineffective for failing to investigate and object to the introduction at trial of two prior drug possession convictions that petitioner claims were "false." The Supreme Court of Virginia found that the orders of conviction that petitioner claims were falsified had been certified by the trial court and linked to petitioner using his name, date of birth, or social security number, and that there was no reason not to believe the orders were valid. Jackson v. Hinkle, R. No. 090208 at 1 (May 11, 2009). Because counsel cannot be ineffective for failing to raise groundless arguments, the Supreme Court of Virginia held that petitioner did not demonstrate under Strickland that counsel's performance was lacking. Id. This holding is not an unreasonable interpretation of Strickland. The record provides no indication whatsoever that the two prior drug possession convictions raised at trial were falsified or nonexistent, and petitioner himself provides no support for his conclusory allegation that these convictions did not occur. Accordingly, this Court cannot disturb the Supreme Court of Virginia's finding as to claim 1(a). Williams, 529 U.S. at 412-13.

In claim 1(b), petitioner argues that trial counsel was ineffective for failing to present a "reasonable defense." Specifically, petitioner argues that trial counsel should have argued that there was no probable cause to arrest petitioner because petitioner's girlfriend, who had previously testified that petitioner had attacked her, later recanted her testimony. As the Supreme Court of Virginia noted, "[c]ounsel is not ineffective merely because he overlooks one [trial] strategy while vigilantly pursuing another." Williams v. Kelly, 816 F.2d 939, 950 (4th Cir. 1987). At trial, counsel

5

vigilantly defended petitioner, cross-examining witnesses for the Commonwealth and arguing that the evidence was insufficient to show that petitioner had the requisite intent to distribute the drugs in his possession. (Trial Tr. 23-26, 34-36, 38-39.) Additionally, raising petitioner's proposed argument at trial would have been futile; an eyewitness to the attack recounted the attack in detail and directed officers to petitioner's location, thereby providing sufficient probable cause for the officers to arrest petitioner. (Id. at 14-18.) Thus, the Supreme Court of Virginia's dismissal of this claim was not unreasonable and will not be disturbed. Williams, 529 U.S. at 412-13.

In claim 2, petitioner argues that trial counsel was ineffective for failing to discover "errant" and "false" documents, namely the records of his two prior drug convictions that were introduced at trial. However, petitioner offers no evidence that those documents were false. Moreover, the record indicates that trial counsel was well aware of the prior drug conviction orders before trial. (Trial Tr. 22.) The Supreme Court of Virginia found that counsel was not ineffective in this regard, and its holding will not be disturbed. Williams, 529 U.S. at 412-13.

In claim 3, petitioner claims that counsel acted ineffectively by disclosing prejudicial information to the prosecution. The information at issue was the victim's intent to appear as a defense witness in petitioner's trial on the abduction and malicious wounding charges and to testify in petitioner's favor. According to petitioner, the victim's testimony would have shown that the arresting officer lied to justify probable cause for the search and seizure of the pill bottle, and trial counsel's disclosure of this information prejudiced petitioner's ability to defend himself. As noted previously, probable cause existed separate from the victim's testimony, as an eyewitness to the attack provided sufficiently incriminating information. Most significantly, as the Supreme Court of Virginia observed when dismissing this claim, trial counsel's discussion of the victim's anticipated testimony resulted in the prosecution dropping the malicious wounding and abduction charges against petitioner. Thus, it is clear that counsel's disclosure of the information at issue was a result

of sound trial strategy, and the Supreme Court of Virginia's dismissal of this claim was not unreasonable. Williams, 529 U.S. at 412-13.

## IV. Petitioner's Motions

Petitioner has filed a Motion to Redirect, a Motion to Amend, a Motion for Appointment of Counsel, and a Motion for Evidentiary Hearing. In his Motion to Redirect, petitioner asks the Court to "stay the motion of petitioner's previous cause" because petitioner has filed a complaint with the American Bar Association regarding his representation. It is unclear what relief petitioner seeks, however the outcome of petitioner's bar complaint will not affect the outcome of his habeas petition. Accordingly, this motion will be denied. In his Motion to Amend, petitioner seeks to add to the record a letter from the Portsmouth Circuit Court concerning two prior offenses and a Commitment Order for a 1991 crime. Petitioner has not explained the significance of these documents, and consideration of the documents would not change the outcome of the Court's decision. Therefore, this motion will also be denied. Because petitioner has shown no reason why an evidentiary hearing is necessary or why the case cannot be decided solely on the pleadings, and his Motion for Evidentiary Hearing will be denied.

Regarding petitioner's request for counsel, there is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, . . . he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). However, a court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an

7

evidentiary hearing is required." Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Here, as stated above, an evidentiary hearing is not necessary. Furthermore, it is clear from the petition and additional pleadings that petitioner is able to represent himself adequately in this matter. Therefore, petitioner's Motion for Appointment of Counsel will be denied.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this 21st day of July 2010.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge